BROWN, Chief Judge.
| j Plain tiff, Laura McKinney, appeals from the judgment of the trial court finding her to be 40% at fault in an automobile accident. For the following reasons, we affirm.

Facts and Procedural Background

On July 23, 2009, at approximately 6:10 a.m., plaintiff, Laura McKinney, and defendant, Maria Cruz, were involved in an automobile accident in the parking lot of their employer, Holy Angels Residential Facilities, in Shreveport, Louisiana. Plaintiff, who was arriving late for her 6:00 a.m. shift, was traveling in the main travel lane of the parking lot to clock in, when defendant, who was leaving work, collided with her. Sergeant Dews of the Shreveport Police Department responded to the incident. According to his testimony and the evidence submitted, the accident caused minor damage to the front passenger side of plaintiffs 1985 Cadillac and minor damage to the front driver side of defendant’s 1999 Chevrolet Trailblazer. Neither party reported any injuries at the scene.
As to the cause of the accident, Sergeant Dews testified that, based upon witness statements at the scene, he determined that defendant had cut across empty parking spaces and was in the main travel lane when she collided with plaintiff. Sergeant Dews did not determine what speed either party was driving, nor did he issue any traffic citations.
Star Wilson, an eyewitness to the accident, testified that defendant was exiting the parking lot in the fashion that most employees do after they clock out. Moreover, she stated that it appeared that plaintiff was traveling faster than the signed speed limit of 15 miles per hour. Ms. Wilson testified |2that she asked both plaintiff and defendant, if they were injured and that they both replied, “No.”
Three weeks after the incident, plaintiff presented to Dr. Dharam Gurwara complaining of left knee pain. Dr. Gurwara referred plaintiff to Charles Jackson, a licensed physical therapist, who diagnosed plaintiff with a left knee contusion. Plaintiff went through weekly treatment *116 sessions with Mr. Jackson until she was discharged on September 28, 2009. On February 17, 2010, plaintiff filed suit against defendant and her insurer, State Farm Insurance Company.
Trial on this matter was set for January 18, 2011. On that date plaintiffs counsel, S.P. Davis, Sr., made an oral motion for a continuance; defendant’s counsel objected, but the trial court granted plaintiffs motion. Trial on this matter was eventually held on June 16, 2011. After hearing witness testimony and reviewing the evidence, the trial court ruled that plaintiff was 40% at fault and defendant was 60% at fault in the accident. The trial court, in its written reasons for judgment, awarded plaintiff special damages in the amount of $6,796.64, general damages in the amount of $8,500.00, and $400.00 for expert witness fees. After reducing the award amount to account for plaintiffs liability, the trial court awarded plaintiff $9,417.84. Thereafter, defendant filed a motion for a new trial based upon the trial court’s erroneous reliance on an incorrect medical expense amount comprising a portion of the special damages award. On September 13, 2011, the trial court signed its final judgment reflecting a net award for plaintiff in the amount of $7,632.60.
| ^Discussion
On appeal, plaintiff sets forth two assignment of errors. First, she contends that the trial court erred in assessing her with 40% of the liability. Next, she contends that the trial court erred in awarding her an excessively low amount of damages.
A trial court is required to compare the relative fault of the parties in assessing liability. In allocating fault, a trial court must consider the nature of each party’s conduct and the extent of the causal relationship between that conduct and damages. McCullin v. U.S. Agencies Casualty Ins. Co., 34,661 (La.App.2d Cir.05/09/01), 786 So.2d 269. Factors which may influence the degree of fault assigned to each party include: (1) whether the conduct resulted from inadvertence or involved an awareness of danger; (2) how great a risk the conduct created; (3) the significance of what the actors sought by the conduct; (4) the capacities of the actors, whether superior or inferior; and (5) any extenuating circumstances which might require the actors to proceed in haste, without proper forethought. Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985); Bennett v. Louisiana Farm Bureau Cas. Ins. Co., 43,216 (La.App.2d Cir.04/30/08), 983 So.2d 966.
A motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances. Edwards v. Horstman, 96-1403 (La.02/25/97), 687 So.2d 1007.
The trial court’s apportionment of fault is a factual determination. Williams v. City of Monroe, 27,065 (La.App.2d Cir.07/03/95), 658 So.2d 820, writs denied, 95-1998, 95-2017 (La.12/15/95), 664 So.2d 451, 452. It is well settled that a court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless such finding is “clearly wrong,” and where there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State, through Department of Transportation and Development, 617 So.2d 880 (La.1993). If the trial court’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it *117 been sitting as the trier of fact, it would have weighed the evidence differently. Neloms v. Empire Fire & Marine Ins. Co., 37,786 (La.App.2d Cir.10/16/03), 859 So.2d 225.
After hearing the testimony of the witnesses and reviewing the evidence presented during the trial, the trial court made the factual determination that both parties were at fault in the causation of the automobile accident. Specifically, the trial court found that plaintiff was traveling at an unsafe speed, and that defendant was “not following the parking-lot lines or accepted parking-lot discipline.” Plaintiff contends that this finding was erroneous as all of the evidence and witness testimony indicated that defendant was the sole cause.
At issue is whether the trial court could reasonably find that plaintiff was also at fault. Plaintiff tries to make much ado about the fact that defendant cut across empty parking spaces to designate her as the sole cause |sof the accident. Lost in this, however, is the fact that Ms. Wilson testified that plaintiff appeared to be driving over the posted speed limit. Regardless of the fact that plaintiff and LaDonna Harris, a coworker who was in the car directly behind plaintiff at the time of the accident, testified that plaintiff was not driving at an unsafe speed, it is within the discretion of the trial court to credit the testimony of Ms. Wilson over the other witnesses. Additionally, considering that the record reflects that plaintiff was already late for work, a reasonable inference of fact is that plaintiff was acting in haste.
As such, we do not find that the trial court was clearly wrong in determining that plaintiff was driving at an unsafe speed. Nor do we find its assessing 40% of the fault to plaintiff to be clearly wrong, as traveling through a parking lot at an unsafe speed undoubtedly creates a substantial risk.
The assessment of “quantum,” or the appropriate amount of damages, by a trial court is a determination of fact, one entitled to great deference on review. La. C.C. art. 2324.1; Wainwright v. Fontenot, 00-0492 (La.10/17/00), 774 So.2d 70. Because the discretion vested in the trier of fact is so great, even vast, an appellate court should rarely disturb an award on review. Guillory v. Lee, 09-0075 (La.06/26/09), 16 So.3d 1104.
Plaintiffs main point of contention when setting forth her argument that the damage award was excessively low relies as well on her assertion that the trial court erred in assessing her with 40% of the fault. As we have |fialready made a determination on this matter, we will not address this argument further.
Plaintiff also states that the general damages amount is too low for a four-month injury, and she requests that this court increase the total award to $23,000.00. Plaintiff, however, sets forth very little basis for the increase. Defendant counters that the $8,500.00 general damages award is excessive given the nature of plaintiffs injuries, but nonetheless states that she does not consider the amount to be an abuse of the trial court’s great discretion.
The record indicates that on August 12, 2009, almost three weeks after the accident, plaintiff went to the doctor complaining of pain in her left knee. According to Mr. Jackson, plaintiffs physical therapist, plaintiff was diagnosed with a left knee contusion. Mr. Jackson prescribed a treatment plan that consisted of approximately seven physical therapy sessions. Mr. Jackson discharged plaintiff on September 28, 2009. Thereafter, on February 8, 2011, plaintiff again reported to the doctor complaining of intermittent left *118 knee pain resulting from the July 23, 2009, automobile accident. On this occasion, plaintiff underwent treatment until she was discharged at the beginning of March 2011.[1] According to plaintiff she still has pain on occasion, “twice a week sometime it would come every other month or twice a month.”
17Plaintiff was awarded $8,500.00 in general damages. Plaintiff has offered nothing evidentiary to show that trial court abused its vast discretion in setting the amount of her award. Plaintiff was not unable to work as a result of the contusion, nor does the record indicate that she ever required any pain management stronger than Aleve and physical therapy. In fact, she was discharged by her physical therapist within almost two months of the accident. Thus, given the trial court’s great discretion, and the lack of any factual errors or abuse, we find no error in the trial court’s assessment of damages.

Conclusion

For the reasons stated herein, the judgment of the trial court is affirmed.

. The trial court concluded that the plaintiff suffered a legitimate knee injury at the outset, but it found that the post-continuance treatment "was suspect.” Therefore, it awarded medical expenses for only those that were incurred prior to January 18, 2011.